**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA *

v. * Criminal Case No.: JKB-14-0423

RAFAEL CHIKVASHVILI *

*Defendant.* *

* * * * * * * * * * *

**MOTION FOR BILL OF PARTICULARS**

The defendant, Rafael Chikvashvili, through his attorneys, Ty Kelly and Jonathan Biran of Biran Kelly LLC, hereby respectfully moves this Honorable Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, to issue an order authorizing a Bill of Particulars in regard to Count One of the Superseding Indictment in this case, so that Mr. Chikvashvili may be sufficiently apprised of the offenses therein alleged. As grounds for this request, Mr. Chikvashvili states the following:

1. In Count One of the Superseding Indictment, the government alleges that Rafael Chikvashvili, together with his co-conspirators, engaged in a conspiracy to defraud Medicare and Medicaid in violation of 18 U.S.C. § 1349. The government claims that the scheme involved Alpha Diagostics ("Alpha") and Mr. Chikvashvili, and the nature of the scheme was, *inter alia*, "…submitting claims for medical imaging services and other diagnostic tests (and their associated costs) that were never performed, claims for procedures that were not ordered by the treating physician and claims for transportation and other charges that Alpha Diagnostics was not entitled to receive…."

2. Count One purports to further explain the "excess" or "double billing" scheme by alleging that Alpha and Mr. Chikvashvili "…routinely submitted claims to Medicare and

Medicaid for more anatomical views than what had been taken by its technologists and/or which were in excess of the number of views ordered by the treating physician," and Mr. Chikvashvili direct Alpha employees in the billing department to "…falsely change the patient diagnosis code on claims in order to make the procedure eligible for reimbursement by Medicare and Medicaid."

3. Count One purports to further explain the "transportation" scheme by alleging that Alpha and Mr. Chikvashvili "routinely submitted claims that overcharged Medicare and Medicaid for transportation and setup costs."

4. The indictment is drafted in general terms with regard to the manner and means in which the relevant portion of the alleged conspiracy was executed, and provides virtually no information about the specific circumstances and acts of the alleged offenses. Discovery has been inadequate in informing Mr. Chikvashvili of the acts the government accuses Mr. Chikvashvili of committing. The breadth and scope of available discovery, the open-ended time period that begins "…in or about 1997 and continu[es] through October 2013," the sheer volume of potentially relevant documents produced, and the thousands of potentially relevant transactions performed by Alpha through the alleged 16-year conspiracy, make it nearly impossible to determine with clarity the acts that the government alleges Mr. Chikvashvili performed with respect to the "excess," "double billing," and "transportation" schemes. Mr. Chikvashvili recognizes that he is not entitled to discover the manner in which the prosecution intends to prove the acts it accuses him of committing; however, he is entitled to learn what the alleged acts are in order to prepare his defense. To be adequately prepared for trial with respect to the alleged offenses, Mr. Chikvashvili must be informed of the central facts surrounding the

"excess," "double billing," and "transportation" conspiracy schemes to defraud Medicare and Medicaid.

5. The function of a bill of particulars is to provide the defendant with sufficient details about the charged offenses to allow for adequate preparation of the defense, to avoid prejudicial surprise at the trial, and to protect against retrial for the same offense. *See United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973); *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979) ("[T]he facts alleged should be sufficiently detailed to apprise the defendant of the charge against him so that he may prepare his defense. This latter function … may often be satisfied through the use of a bill of particulars…."). A bill of particulars is required "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quotation omitted). A bill of particulars "amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). *See also United States v. Hess*, 124 U.S. 483, 487 (1888) ("Undoubtedly, the language of the statute may be used in the general description of an offense, but is must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.").

6. A defendant is not entitled to know all the evidence the government intends to produce at trial, but is entitled to learn "the theory of the government's case[.]" *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (quotation omitted). Accordingly, a bill of particulars may be necessary "to clarify the specific factual theory (or theories) upon which the government" intends to proceed. *United States v. Chandler*, 753 F.2d 360, 362 (4th Cir. 1985);

*see also United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (finding that where bill of particulars is "necessary to give the defendant enough information about the charge to prepare his defense, 'it will be required even if the effect is disclosure of evidence or of theories.'" (quoting 1 Charles Alan Wright, Federal Practice and Procedure § 129 (1982))).

7. Based on these principles, a bill of particulars is necessary in regard to the relevant portion of Count One in order to provide the defendant with essential information about the specific acts relevant to the allegations of the manner and means by which the conspiracy was executed. As noted previously, the prosecution alleges that Alpha and/or Mr. Chikvashvili, at some point during or throughout a 16-year period, "submitted claims to Medicare and Medicaid for more anatomical views than what had been taken … and/or which were in excess of the numbers of views ordered…," "directed employees … to falsely changes the patient diagnosis code on claims in order to make the procedure eligible for reimbursement…," and "submitted claims that overcharged Medicare and Medicaid for transportation and setup costs."

8. That portion of Count One sets forth a broad range of offenses, spanning the entirety or portion of 16 years, likely involving a multitude of unspecified acts and transactions, but which the prosecution has not apprised the defendant of in any meaningful way. So that Mr. Chikvashvili may adequately prepare a defense to this very broad set of allegations, it is necessary that the government, in a bill of particulars:

a. Identify all specific events, facts, conduct, or circumstances relevant to the patients, procedures, nursing/health care facilities, claims, transactions, reimbursements (expected and received), and/or diagnostic images pertaining to the allegation that Mr. Chikvashvili and/or Alpha submitted claims to Medicare

and Medicaid for more anatomical views than what had been taken by its technologists;

b. Identify all specific events, facts, conduct, or circumstances relevant to the patients, procedures, nursing/health care facilities, claims, transactions, reimbursements (expected and received), originating doctors' orders to Alpha, originating nursing home/health care facility orders to Alpha, and/or diagnostic images pertaining to the allegation that Mr. Chikvashvili and/or Alpha submitted claims to Medicare and Medicaid which were in excess of the number of views ordered for transportation and setup costs;

c. Identify all specific events, facts, conduct, or circumstances relevant to the patients, procedures, nursing/health care facilities, claims, transactions, reimbursements (expected and/or received), diagnostic images, Alpha employees, instances of direction and/or communication by Mr. Chikvashvili, and/or diagnosis codes (accurate and falsified) pertaining to the allegation that Mr. Chikvashvili directed Alpha employees to falsely change the patient diagnosis codes on claims in order to make the procedure eligible for reimbursement by Medicare and Medicaid; and

d. Identify all specific events, facts, conduct, or circumstances relevant to the patients, procedure, nursing/health care facilities, claims, transactions, reimbursement (expected and/or received), diagnostic images, Alpha employees, and/or billing or recordation of instances pertaining to the allegation that Mr. Chikvashvili and/or Alpha routinely submitted claims that overcharged Medicare and Medicaid for transportation and setup costs.

WHEREFORE, for these reasons and reasons that may appear at a hearing on this motion, defendant requests that the Court order the government to furnish the defendant with a Bill of Particulars containing the requested information regarding the relevant portions of Count One of the Superseding Indictment in this case.

Respectfully submitted,

/s/

______________________

Ty Kelly Cronin (Bar No. 27166)
Jonathan Biran
Biran Kelly LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Phone: (410) 625-2500
Fax: (443) 773-0482

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user: Michael Cunningham and Leo Wise, Assistant United States Attorneys, United States Attorney's Office, 36 S. Charles Street, Fourth Floor, Baltimore, MD 21201.

/s/

______________________

Ty Kelly Cronin (Bar No. 27166)
Biran Kelly LLC