**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No.: JKB-14-0423 |
| RAFAEL CHIKVASHVILI | * | |
| *Defendant*. | * | |

* * * * * * * * *

## MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR DISCOVERY

By motion filed contemporaneously, defendant Rafael Chikvashvili has requested that this Court direct the government to disclose various items. The basis for disclosure of those materials are as follows:

A. Disclosure of Identities and Statements of Coconspirators

The defense requests that the Court order the government forthwith to disclose to defense counsel, to the extent not already produced, the identities of all alleged coconspirators as well as all coconspirator statements as set forth in the motion.

In order to prevent against unfair surprise, the government should be required to disclose to the defense forthwith any and all coconspirator statements that that it intends to introduce at trial. *See United States v. Jackson*, 757 F.2d 1486, 1491-92 (4th Cir. 1985).

Although the Superseding Indictment refers to several alleged coconspirators by name or initials, the indictment also refers to other coconspirators "known and unknown to the Grand Jury." Superseding Indictment at 6. To date, the government has not identified to defense counsel who the other known coconspirators are. Thus, to the extent the government has produced memoranda of interview that contain statements of

additional coconspirators, unless and until the government identifies those individuals as alleged coconspirators, the defense will not have adequate notice of the coconspirator statements the government intends to introduce at trial.

Similarly, although the government has disclosed certain discovery materials that arguably statements made by individuals who have been identified as alleged coconspirators, the government has not identified which statements it will seek to introduce against Mr. Chikvashvili at trial. Mr. Chikvashvili's motion therefore seeks disclosure not only of the identities of all alleged coconspirators, but also substance of any and all coconspirator statements the government intends to introduce at trial, so as to ensure Mr. Chikvashvili adequate notice, a fair trial, and effective assistance of counsel.

B. Information Obtained by the Government in Civil False Claims Act Case Against Alpha Diagnostics LLC

Pursuant to Rule 16, the Jencks Act, and to the extent applicable, *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and other authorities, to the extent not already produced, the Court should direct the government to provide all items in the possession of the United States that the United States obtained as a result of or in connection with a civil False Claims Act case filed against Alpha Diagnostics and that are material to the preparation of the defense; are prior statements of individuals who will testify at the trial in this case; and/or are exculpatory of Mr. Chikvashvili or impeaching of any anticipated government witness. Certainly, documents that are material to the preparation of the defense, constitute Jencks material, or are *Brady* or *Giglio* material and that are in the possession, custody, or control of the Civil Division of the U.S. Attorney's Office are discoverable. If a document in the possession, custody, or control of an investigative agency that is closely connected to the prosecutor is

discoverable, *see, e.g., United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003), then surely a document that is in the possession, custody, or control of the Civil Division of the same U.S. Attorney's Office that is handling the related criminal prosecution is discoverable.

C. Agents' Rough Notes

Mr. Chikvashvili is also requesting that this Court direct the government to produce forthwith to defense counsel agents' notes pertaining to statements he may have made, and that of any interview or proffer session of potential witnesses against him.

Mr. Chikvashvili seeks agents' notes, regardless of whether FBI 302 reports or other investigative reports are available and have been or will be produced to defense counsel. In this case, it is possible that Mr. Chikvashvili will testify at trial. It is important for counsel to review the agents' notes of Mr. Chikvashvili's interview, in addition to the FBI 302 report of that interview in order to adequately prepare for cross-examination of government witnesses and for the direct testimony of Mr. Chikvashvili. Although the Fourth Circuit held in *United States v. Hinton,* 719 F.2d 711, 721-22 (4th Cir. 1983), that agents' notes that are later incorporated into their formal reports are not Jencks material, there may well be exculpatory and/or impeaching material in such notes. Thus, to the extent the agents have preserved their notes (and they should certainly not destroy any notes that have been preserved up to this point), the prosecutors should conduct a review of those notes for *Brady* material, *Giglio* material, and Rule 16 material.

The Court should also consider asking a Magistrate Judge to conduct an in camera review of the agents' notes to ensure that to find that "everything in the notes was contained in the memoranda given" to defense counsel up to this point. *United States vs.*

*Koskerides,* 877 F.2d 1129, 1133 (2d Cir. 1989). At the very least, a comparison of the agents' notes and the written reports may allow counsel to impeach the witness's credibility by showing poor memory or possible bias of interest. *See Rosenberg v. United States*, 360 U.S. 367, 370 (1959).

D. Evidence of Surveillance and Other Proactive Investigative Techniques

Counsel for Alpha has informed the undersigned that former AUSA Mark Crooks stated that the government had undertaken various proactive investigative techniques in the course of its investigation of Alpha, including surveillance and intercepting of fax transmissions. However, the defense has not been provided any discovery that relates to such proactive techniques. When defense counsel inquired about the existence of such evidence, the current prosecutors replied that no such proactive investigative techniques were used. Regardless, the defense here renews its request to be provided with such evidence to the extent it exists. The defense suggests that, if the government did not employ such techniques and counsel for Alpha therefore misunderstood a comment that AUSA Crooks made, the appropriate course of action would be for the government to procure an affidavit from former AUSA Crooks attesting to the fact that no surveillance, interception of faxes, or other proactive investigative techniques were used in the course of the investigation.

E. Other Rule 16, *Brady*, *Giglio*, and Jencks Material Not Yet Produced

The government has provided substantial discovery to date. However, to the extent there remain any items that constitute Rule 16, *Brady*, *Giglio*, and Jencks material

that have not yet been produced, the defense requests that the government be ordered forthwith to produce such items.

Respectfully submitted,

BIRAN KELLY LLC

/s/

__________________________

Ty Kelly Cronin
Jonathan Biran
201 North Charles Street, Suite 2600
Baltimore, MD 21201
(410) 625-2500